**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT D. COPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.:  22 C 3463** |
| **PRUDENTIAL DEFENSE SOLUTIONS, INC.,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Valarie D. Seals ("Plaintiff"), by and through his attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the defendant, Prudential Defense Solutions, Inc. ("Defendant"), states as follows:

### JURISDICTION AND VENUE

1.      Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), and the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.* ("ADEA"), for Defendant discriminating against him on the basis of his race, gender, and age during the course of his employment.

2.      Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3.      Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in

that district.

## PARTIES

4.     Plaintiff is an adult Caucasian male individual, greater than 40 years of age, and a resident of Plainfield, Illinois.

5.     Defendant is, and was at all times relevant to the allegations herein, a domestic corporation organized under the laws of the State of Illinois doing business in Illinois affecting interstate commerce.

6.     At all times relevant to the allegations herein, Plaintiff was employed by Defendant at its client's location in Bolingbrook.

7.     At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under Title VII and the ADEA.

8.     At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under Title VII and the ADEA.

9.     Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a Notice of Right to Sue ("Exhibit B").

10.     Plaintiff timely filed this Complaint with the United States District Court for the Northern District of Illinois within 90 days of his receipt of the notice of right to sue.

## FACTUAL ALLEGATIONS

11.     Plaintiff began his employment with Defendant in or around March of 2019 as a backup supervisor and security guard.

12.     At the time relevant to the allegations herein, Plaintiff was 70 years of age.

13.     Out of 5 security guards who worked at the Bolingbrook location, Plaintiff was

2

the only White employee.

14.     At all times relevant, Plaintiff was meeting the legitimate job performance expectations of Defendant when said job performance expectations were applied equally to similarly situated employees, regardless of race and gender.

15.     On or about August 4, 2021, Plaintiff was notified by Serena Williams (African American, early 30's), that she was directed by Edward Gonzalez (Hispanic) to take Plaintiff off the schedule.

16.     Plaintiff was not given a reason why he was being taken off the schedule, but Ms. Williams said that the Mr. Gonzalez would be calling him. Ms. Williams also gave Plaintiff the Mr. Gonzalez's cell phone number at that time.

17.     Plaintiff did not receive any calls from Mr. Gonzalez, but on or about August 5, 2021, Plaintiff spoke with his former supervisor, Ed Walker, who told him that Mr. Gonzalez removed him from the schedule in order to give Ms. Williams his shift. Mr. Walker told Plaintiff that Mr. Gonzalez was going to call Plaintiff to offer him a different schedule.

18.     When Plaintiff did not hear from Mr. Gonzalez, he attempted to call him at the number provided by Ms. Williams on several occasions over the next few days, but he did not hear back from him.

19.     On or about August 11, 2021, Plaintiff called Ms. Williams and left a message for her to call him back.

20.     On or about August 12, 2021, Plaintiff was advised that Ms. Williams had just put in her two weeks' notice with Defendant.

21.     Plaintiff was never called by Mr. Gonzalez or any other agent of Defendant to offer him his old schedule, a new schedule, or any explanation.

## COUNT I
## (TITLE VII RACE DISCRIMINATION)

22.     Plaintiff re-alleges paragraphs 1 through 20 and incorporates them as if fully set forth herein.

23.     Title VII, 42 U.S.C. §2000e-2(a)(1), prohibits employers from discriminating against employees on the basis of race.

24.     By its conduct as alleged herein, Defendant has discriminated against Plaintiff and subjected him to different terms and conditions of employment based upon his race by removing him from the schedule, essentially terminating him, without legitimate cause in order to give the position to a non-White individual.

25.     As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

26.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race in the workplace.

27.     Plaintiff demands to exercise his right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT I

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count I and that it:

a)     Award Plaintiff the value of all actual damages to be proved at trial;

b)     Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages and damages for emotional distress;

c)     Award Plaintiff punitive damages;

d)     Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)     Award Plaintiff equitable/injunctive relief;

4

f)      Award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT II**
**(SECTION 1981 RACE DISCRIMINATION)**

28.     Plaintiff re-alleges paragraphs 1 through 20 and incorporates them as if fully set forth herein.

29.     Section 1981 prohibits employers from discriminating against employees on the basis of race or ethnicity in the making, performing, modifying, and termination of contracts employment contracts, including at-will employment contracts.

30.     By virtue of Plaintiff's and Defendant's employment relationship, an at-will employment contract was made by and between Plaintiff and Defendant.

31.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of his race in the performance and termination of the at-will employment contract when it removed him from the schedule, essentially terminating him, without legitimate cause in order to give the position to a non-White individual.

32.     As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

33.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race in the workplace.

34.     Plaintiff demands to exercise her right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT II**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

a)      Award Plaintiff the value of all actual damages to be proved at trial;

b)      Award Plaintiff compensatory damages to make him whole, including but not

limited to damages for emotional distress;

c)      Award Plaintiff punitive damages;

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)      Award Plaintiff equitable/injunctive relief;

f)      Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT III
## (TITLE VII GENDER DISCRIMINATION)

35.     Plaintiff re-alleges paragraphs 1 through 20 and incorporates them as if fully set forth herein.

36.     Title VII, 42 U.S.C. §2000e-2(a)(1), prohibits employers from discriminating against employees on the basis of gender.

37.     By its conduct as alleged herein, Defendant has discriminated against Plaintiff and subjected him to different terms and conditions of employment based upon his gender by removing him from the schedule, essentially terminating him, without legitimate cause in order to give the position to a female individual.

38.     As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

39.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon gender in the workplace.

40.     Plaintiff demands to exercise his right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT III

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count III and that it:

a)      Award Plaintiff the value of all actual damages to be proved at trial;

6

b)      Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages and damages for emotional distress;

c)      Award Plaintiff punitive damages;

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)      Award Plaintiff equitable/injunctive relief;

f)      Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT IV
## (ADEA AGE DISCRIMINATION)

41.      Plaintiff re-alleges paragraphs 1 through 20 and incorporates them as if fully set forth herein.

42.      The ADEA prohibits employers from discriminating against an employee 40 or more years of age based upon his or her age.

43.      By its conduct as alleged herein, Defendant discriminated against Plaintiff and subjected him to different terms and conditions of employment based upon his age by removing him from the schedule, essentially terminating him, without legitimate cause, in order to give the position to a significantly younger individual.

44.      As a result of Defendant's actions, Plaintiff has suffered economic damages.

45.      Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon his age in the workplace.

46.      Plaintiff demands to exercise his right to a jury trial in this matter.

## RELIEF REQUESTED AS TO COUNT IV

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count IV and that it:

a)      Award Plaintiff the value of all actual damages to be proven at trial;

7

b)      Award Plaintiff compensatory damages to make him whole, including but not

limited to lost wages;

c)      Award Plaintiff liquidated damages;

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)      Award Plaintiff equitable/injunctive relief;

f)      Award Plaintiff any and all other relief as the Court deems just in the premises.


**ROBERT D. COPP**

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (6180407IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099
*Msmith39950@aol.com*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT D. COPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.:  XXXX** |
| **PRUDENTIAL DEFENSE SOLUTIONS, INC.,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendant.** | ) | |
| | ) | |

<u>**COMPLAINT**</u>

# EXHIBIT A

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT D. COPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.:  XXXX** |
| **PRUDENTIAL DEFENSE SOLUTIONS, INC.,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT**

# EXHIBIT B